**SO ORDERED.**

**SIGNED this 12 day of January, 2010.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

DANIEL GOLDBERG,                          CHAPTER 7
                                          CASE NO: 09-10872-8-RDD
            DEBTOR

ORDER DENYING APPOINTMENT
OF PATIENT CARE OMBUDSMAN

On December 23, 2009, the Court *sua sponte* set a hearing to determine the necessity of

appointing a patient care ombudsman in connection with the Chapter 7 bankruptcy petition filed by

Daniel Goldberg (the "Debtor") on December 14, 2009.  A telephonic hearing was held on January

11, 2010 in Wilson, North Carolina.

Although neither party filed any pleadings related to this hearing, the Chapter 7 Trustee and

the Bankruptcy Administrator participated in the hearing.

The Debtor indicated on his petition that the nature of his business is a health care business

and the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA") requires that a

patient care ombudsman be appointed in cases involving a health care business. 11 U.S.C. § 333.

Section 101(27A) of the Bankruptcy Code defines a health care business as:

(A)...any public or private entity (without regard to whether that entity is organized for profit or not for profit) that is primarily engaged in offering to the general public facilities and services for –

      (i) the diagnosis or treatment of injury, deformity, or disease; and

      (ii) surgical, drug treatment psychiatric, or obstetric care; and

(B) includes –

      (i) any –
          (I) general or specialized hospital;
          (II) ancillary ambulatory, emergency, or surgical treatment facility;
          (III) hospice;
          (IV) home health agency; and
          (V) other health care institution that is similar to an entity referred to in subclause (I), (II), (III), or (IV) and

      (ii) any long-term care facility, including any –
          (I) skilled nursing facility;
          (II) intermediate care facility;
          (III) assisted living facility;
          (IV) home for the aged;
          (V) domiciliary care facility; and
          (VI) health care institution that is related to a facility referred to in subclause (I), (II), (III), (IV), or (V), if that institution is primarily engaged in offering room, board, laundry, or personal assistance with activities of daily living and incidentals to activities of daily living.

The Debtor is a chiropractor by profession.  Schedule I shows that he is employed by the Wellness Center of the Outer Banks, Inc. Schedule B also shows that he owns the Wellness Center of the Outer Banks, Inc., plus assets such as accounts receivable and equipment.  After reviewing the petition and schedules filed in this case, it appears that the health care business is in fact the Wellness Center of the Outer Banks, Inc., not the Debtor himself.

Therefore, pursuant to Section 333(a), the appointment of such a patient care ombudsman is not necessary for the protection of patients under the specific facts of this case as this Debtor is not a health care business as defined under 11 U.S.C. § 101(27A).

At this time, the appointment of a patient care ombudsman is not necessary.  If after further investigation, the Chapter 7 Trustee or any other party in interest determines that a patient care ombudsman is necessary, the party may file an appropriate motion for reconsideration with this Court.

**SO ORDERED.**

**END OF DOCUMENT**